**Daniel P. Simpson, Esq.**
**Elliott S. Joffe, Esq.**
**Newman & Simpson, LLP**
**The Armour Building**
**32 Mercer Street**
**Hackensack, New Jersey 07601**
**(201) 487-0200**
**Counsel for Plaintiff,**
**EnduraCare Therapy Management, Inc.**

**Marc S. Blubaugh, Esq.**
**James L. Ervin, Jr., Esq.**
**Benesch, Friedlander, Coplan & Aronoff, LLP**
**88 East Broad Street, Suite 900**
**Columbus, Ohio 43215**
**(614) 223-9300**
**Of Counsel**

| | |
|---|---|
| **ENDURACARE THERAPY MANAGEMENT, INC.,** f/k/a Enduracare, LLC, 2950 South Rainbow Boulevard, Suite 220 Las Vegas, Nevada 89146,  Plaintiff,  vs.  **300 BROADWAY HEALTHCARE CENTER, LLC d/b/a New Vista Nursing and Rehabilitation Center,** 300 Broadway Newark, New Jersey 07104  Defendant. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY  CIVIL ACTION NO. _____  <u>COMPLAINT</u> |

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

Now comes EnduraCare Therapy Management, Inc. f/k/a Enduracare, LLC whose

principal place of business is located at 2950 South Rainbow Boulevard, Suite 220, Las Vegas

Nevada 89146, and states for its Complaint against Broadway Healthcare Center, LLC whose principal place of business is located at 300 Broadway, Newark, New Jersey 07104, as follows:

## PARTIES, JURISDICTION, AND VENUE

1. EnduraCare Therapy Management, Inc. is a Delaware corporation having its principal place of business at 2950 South Rainbow Boulevard, Suite 220, Las Vegas, Nevada 89146. EnduraCare Therapy Management, Inc. is in the business of providing physical, occupational, and speech therapy services to residents residing in nursing homes owned or operated as licensed long term care and skilled nursing facilities under the requirements of the State of New Jersey Department of Health and Senior Services and the federal Medicare program, also known as "Title XVIII" by reference to Title XVIII of the Social Security Act (42 U.S.C. §1395 *et seq.*). In addition to the professional therapy services described above, EnduraCare Therapy Management, Inc. provides ancillary services and products to the long term care facilities where it is providing professional therapy services, including rental equipment and supplies necessary to support wound care and advanced therapy modalities. Hereinafter, all such professional therapy services, rental equipment, and products are referred to as the "Services." EnduraCare Therapy Management, Inc. is successor-in-interest to Enduracare, LLC, a Texas limited liability company. Hereinafter, all references to "Plaintiff EnduraCare" shall encompass both EnduraCare Therapy Management, Inc. and EnduraCare, LLC.

2. Defendant Broadway is a New Jersey limited liability company having its principal place of business at 300 Broadway, Newark, New Jersey 07104, and is the owner of a nursing facility that provides skilled nursing, respite, and rehabilitation services to its residents. The facility, known as New Vista Nursing and Rehabilitation Center, (the "New Vista Facility"), is located at 300 Broadway, Newark, New Jersey 07104.

3. The Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and involves an amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

4. The Court possess jurisdiction over the person of Defendant Broadway because it is a citizen and resident of New Jersey. Specifically, Defendant Broadway is a New Jersey limited liability company that is conducting business in the State of New Jersey by owning and operating the New Vista Facility.

5. Venue in this Court is appropriate pursuant to 42 U.S.C. § 1391(a) because the United States District Court for the District of New Jersey is the judicial district where Defendant Broadway resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL COUNTS

6. On or about January 22, 2001, Plaintiff EnduraCare entered into a written Therapy Services Agreement (the "Agreement") with Defendant Broadway, which was doing business as "New Vista Nursing and Rehabilitation." Pursuant to the Agreement, Plaintiff EnduraCare was to provide the Services to Defendant Broadway and residents of the New Vista Facility.

7. Based upon information and belief, at the time that Plaintiff EnduraCare entered into the Agreement, Defendant Broadway was, and remains, the owner and licensed operator of the New Vista Facility.

8. Pursuant to the Agreement, Defendant Broadway was to pay Plaintiff EnduraCare for the Services no later than one hundred and twenty (120) days after being invoiced by Plaintiff

EnduraCare. If Defendant Broadway paid for the Services within ninety (90) days after being invoiced by Plaintiff EnduraCare, a five percent (5%) discount on the total invoice amount could be deducted.

9. Beginning on or about January 22, 2001, Plaintiff EnduraCare began providing the Services to Defendant Broadway and the New Vista Facility's residents.

10. Plaintiff EnduraCare invoiced Defendant Broadway on a monthly basis for the Services provided to Defendant Broadway and the New Vista Facility's residents.

11. In the normal course, the federal Medicare program would have funded (by direct payment to Defendant Broadway) substantial portions of the cost of the Services provided by Plaintiff EnduraCare, with the balance paid under state programs (e.g., Medicaid) and other third party payors.

12. Notwithstanding receipt by Defendant Broadway of such payments, Defendant Broadway failed to pay Plaintiff EnduraCare for the Services in full pursuant to the terms and conditions of the Agreement.

13. As of the date of filing this Complaint, Defendant Broadway owes Plaintiff EnduraCare the amount of Seven Hundred Sixty-Two Thousand Ninety-Three Dollars and Twelve Cents ($762,093.12), plus pre-judgment interest and costs for the provision of the Services.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

14. Plaintiff EnduraCare incorporates herein by reference each and every allegation set forth above.

15. Plaintiff EnduraCare and Defendant Broadway entered into the Agreement, a valid and binding contract, whereby Plaintiff EnduraCare agreed to provide the Services to Defendant Broadway and the New Vista Facility's residents in exchange for payment.

16. Plaintiff EnduraCare performed all of its obligations under the Agreement, and all conditions precedent to Plaintiff EnduraCare's recovery of the amounts due have occurred.

17. Defendant Broadway has breached the Agreement by failing to pay the amount due under the Agreement.

18. Defendant Broadway's breach of the Agreement has caused injury to Plaintiff EnduraCare in the amount of Seven Hundred Sixty-Two Thousand Ninety-Three Dollars and Twelve Cents ($762,093.12).

19. Plaintiff EnduraCare is entitled to recover from Defendant Broadway the sum of Seven Hundred Sixty-Two Thousand Ninety-Three Dollars and Twelve Cents ($762,093.12), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

### SECOND CLAIM FOR RELIEF
(**Account**)

20. Plaintiff EnduraCare incorporates herein by reference each and every allegation set forth above.

21. Defendant Broadway owes Plaintiff EnduraCare the sum of Seven Hundred Sixty-Two Thousand Ninety-Three Dollars and Twelve Cents ($762,093.12), plus pre-judgment interest and costs for the provision of the Services from January 22, 2001, on an open account, for the Services furnished to the New Vista Facility's residents at Defendant Broadway's request, and/or, for the benefit of Defendant Broadway. A true and correct copy of the account is attached hereto as **EXHIBIT 1**.

22.     Plaintiff EnduraCare is entitled to recover from Defendant Broadway the sum of Seven Hundred Sixty-Two Thousand Ninety-Three Dollars and Twelve Cents ($762,093.12), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF
### (Quantum Meruit)

23.     Plaintiff EnduraCare incorporates herein by reference each and every allegation set forth above.

24.     Beginning on or about January 22, 2001, and continuing through on or about February 28, 2007, Plaintiff EnduraCare provided the Services to Defendant Broadway and the New Vista Facility's residents at Defendant Broadway's request.

25.     The Services benefited Defendant Broadway in that Plaintiff EnduraCare's performance of the Services permitted Defendant Broadway to satisfy its own contractual, licensing, and regulatory obligations to the New Vista Facility's residents.

26.     Defendant Broadway promised to pay Plaintiff EnduraCare for the Services provided to it and to the New Vista Facility's residents.

27.     Defendant Broadway has not paid Plaintiff EnduraCare in full for the Services provided to it and to the New Vista Facility's residents.

28.     Defendant Broadway has been reimbursed by Medicare or other third-party payor sources for the Services, but has refused to pay such amounts to Plaintiff EnduraCare.

29.     The unpaid Services are reasonably worth the sum of Seven Hundred Sixty-Two Thousand Ninety-Three Dollars and Twelve Cents ($762,093.12).

30.     Defendant Broadway's receipt of the benefit of the Services without paying in full for the same is unjust.

31. Likewise, Defendant Broadway's retention of reimbursement from Medicare or other third-party payor sources without reimbursing Plaintiff EnduraCare in full is unjust.

32. Plaintiff EnduraCare is entitled to recover from Defendant Broadway the sum of Seven Hundred Sixty-Two Thousand Ninety-Three Dollars and Twelve Cents ($762,093.12), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF
### (Promissory Estoppel)

33. Plaintiff EnduraCare incorporates herein by reference each and every allegation set forth above.

34. Defendant Broadway made one or more unambiguous promises to Plaintiff EnduraCare that Defendant Broadway would pay all sums due and owing to Plaintiff EnduraCare for provision of the Services.

35. Plaintiff EnduraCare reasonably, justifiably, and foreseeably relied upon Defendant Broadway's promises by continuing to provide the Services to Defendant Broadway and to the New Vista Facility's residents.

36. Defendant Broadway failed to keep its promises.

37. Defendant Broadway's failure to keep its promises has caused injury to Plaintiff EnduraCare in the amount of Seven Hundred Sixty-Two Thousand Ninety-Three Dollars and Twelve Cents ($762,093.12).

38. Plaintiff EnduraCare is entitled to recover from Defendant Broadway the sum of Seven Hundred Sixty-Two Thousand Ninety-Three Dollars and Twelve Cents ($762,093.12), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs.

**WHEREFORE,** Plaintiff EnduraCare demands:

1. Judgment in its favor on all counts;

2. Judgment in favor of Plaintiff EnduraCare on its First, Second, Third and Fourth Claims for Relief against Defendant Broadway in the principal sum of Seven Hundred Sixty-Two Thousand Ninety-Three Dollars and Twelve Cents ($762,093.12), plus pre-judgment interest, post-judgment interest, attorneys' fees, and costs; and

3. All other relief in law or equity to which Plaintiff EnduraCare may be entitled.

## CERTIFICATION OF NON-ARBITRABILITY

Pursuant to Local Rule 201.1(d)(1) of the United States District Court, District of New Jersey, it is hereby certified that the damages recoverable in this action exceed the sum of $150,000 exclusive of interest and costs and any claim for punitive damages, and that this action is not subject to compulsory arbitration.

## JURY DEMAND

Plaintiff EnduraCare Therapy Management, Inc. hereby demands a trial by jury, by the maximum number of jurors permitted by law, on all issues so triable herein.

> Newman & Simpson, LLP
> 32 Mercer Street
> Hackensack, New Jersey 07601
> (201) 487-0200
> Attorneys for Plaintiff,
> EnduraCare Therapy Management, Inc.

Dated: March 19, 2007     **By:** /s/ Daniel P. Simpson
                          DANIEL P. SIMPSON
                          ELLIOTT S. JOFFE

Of Counsel:
Marc S. Blubaugh
James L. Ervin, Jr.
Benesch, Friedlander, Coplan & Aronoff LLP
88 East Broad Street, Suite 900
Columbus, Ohio 43215
(614-223-9300)